84 February 22, 2024 No. 113

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW SHAE TAYBORNE,
*Defendant-Appellant.*

Lane County Circuit Court
21CR13861, 21CR14101
A176643 (Control), A176644

Bradley A. Cascagnette, Judge.

Argued and submitted April 24, 2023.

Rond Chananudech, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

In Case No. 21CR13861, conviction on Count 1 reversed; remanded for sentencing; otherwise affirmed. In Case No. 21CR14101, affirmed.

**POWERS, J.**

In this consolidated criminal case, defendant challenges his conviction for burglary in the first degree (Count 1), ORS 164.225, following an incident where he entered a motel room and assaulted and robbed the victim.[1] In a single assignment of error, defendant challenges the denial of his motion for judgment of acquittal (MJOA), arguing that the state failed to prove that he "enter[ed] or remain[ed] unlawfully" in a dwelling. Defendant does not dispute that he entered the room with the intent to commit a crime; rather, he argues that the state failed to produce sufficient evidence that the person who invited him to the room lacked actual authority to invite him and that he knew or believed that she lacked authority. As explained below, we agree with defendant's argument that the state failed to adduce sufficient evidence to prove that he knew or believed that the person who invited him into the motel room lacked authority to do so. Accordingly, because the trial court erred in denying the MJOA, we reverse Count 1 and remand for resentencing.

We review the denial of an MJOA by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact—accepting reasonable inferences and reasonable credibility choices—could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). We set out the facts in accordance with that standard.

Around midnight on a late-March evening, the victim's friend, Best, told him that she was fighting with her boyfriend and needed a place to stay. The victim rented a room at the Valley River Inn in Eugene. The victim paid for the room, and Best was not listed as a guest on the motel register. Best and the victim hung out in the room, and the victim fell asleep within an hour. At that time, the victim had not given anyone else permission to be in the room, and he testified that defendant, who was an acquaintance, did not have permission to be in the room.

---

[1] Defendant challenges only Count 1 in Case No. 21CR13861. He does not challenge his other convictions in that case, nor does he challenge his conviction in Case No. 21CR14101.

While in the room, Best texted defendant letting him know that, if he came to the motel, she would meet him in the parking lot and give him the room key. The specific contents of the text messages were not admitted into evidence; rather, a detective testified that he reviewed the text messages and concluded that they could be interpreted to be the planning stages of the crimes in this case. The detective also testified that the texts included photos that Best had taken of the inside of the motel room and of the victim. Around 3:45 a.m., Best was no longer in the motel room, and the victim woke up to defendant, who was wearing a head covering and black gloves, spraying him with bear mace. The victim chased defendant out of the room and got the attention of a security guard in the parking lot who wrote down defendant's license plate number. The police eventually arrested defendant and retrieved some of the victim's stolen property from defendant's car.

Defendant was charged with multiple crimes arising from the incident, including first-degree burglary, which is the only count at issue in this appeal. He pleaded guilty to seven other charges, Counts 2 through 8, arising from the same incident: robbery in the third degree, theft in the first degree, felon in possession of a firearm, unlawful use of an electrical stun gun/tear gas/mace in the second degree, assault in the fourth degree, interfering with peace/parole and probation officer, and resisting arrest. On the first-degree burglary charge, defendant waived his right to a jury trial and proceeded to a trial before the court. At the close of the state's case-in-chief, defendant moved for a judgment of acquittal, arguing that the state failed to prove that he was not licensed to enter the motel room. The trial court denied the motion and ultimately found him guilty of first-degree burglary. This timely appeal follows.

The central issue before us involves whether the state adduced sufficient evidence to prove beyond a reasonable doubt that defendant entered the motel room unlawfully. Before turning to the parties' arguments on appeal, we briefly set out the statutory framework in which those arguments arise. The first-degree burglary statute provides, in part:

"(1)   A person commits the crime of burglary in the first degree if the person violates ORS 164.215 [the second-degree burglary statute] and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:

"*****

"(b)   Causes or attempts to cause physical injury to any person[.]"

ORS 164.225. ORS 164.215(1) provides that a person commits second-degree burglary if "the person enters or remains unlawfully in a building with intent to commit a crime therein." ORS 164.205(3)(a) defines the phrase "[e]nter or remain unlawfully" to include "enter[ing] or remain[ing] in or upon premises when the premises, at the time of such entry or remaining, are not open to the public and when the entrant is not otherwise licensed or privileged to do so." Importantly, entering a building to commit a crime is not burglary if the person has permission to be in the building. *See State v. McLaughlin*, 317 Or App 596, 607, 505 P3d 1088 (2022) (so stating).

        To establish that a defendant is not licensed or privileged to enter premises not open to the public when the defendant has been permitted or invited to enter, the state must prove two elements: (1) The person extending the permission or invitation lacked actual authority to do so, and (2) the defendant knew or believed that the person lacked such authority. *State v. Hartfield*, 290 Or 583, 595, 624 P2d 588 (1981).

        On appeal, defendant's challenge is narrow: He asserts that the trial court erred by denying his MJOA because there was insufficient evidence that Best lacked actual authority to invite defendant into the motel room and insufficient evidence to prove that he knew that she lacked authority. More specifically, he argues that, because the text messages between Best and defendant included pictures of the room and because Best gave defendant a key to the room, those circumstances indicated to defendant that Best had access to the room and, thus, had authority to invite him into the room.

The state remonstrates that the circumstances of defendant's entry support a reasonable inference that defendant was aware that Best did not have authority to invite him into the room. According to the state, evidence that the text messages contained a plan to commit a crime, that defendant entered the motel room in the middle of the night while wearing a head covering and gloves, and that Best gave defendant the key outside the motel and was not present in the room when defendant entered all provide sufficient evidence for the trial court to deny the MJOA. As explained below, because we ultimately conclude that there was insufficient evidence in the record to prove beyond a reasonable doubt that defendant knew or believed that Best lacked authority to invite him into the motel room, we need not address whether Best lacked actual authority to extend the invitation.

After reviewing the record, we conclude that the state did not adduce sufficient evidence to prove that defendant knew or believed that Best lacked authority. Although the record contains evidence that Best and defendant exchanged text messages leading up to defendant entering the motel, the specific contents of those texts were not entered into evidence. Without details of those texts, it is purely speculative to suggest that the texts provide any foundation on which defendant could have known or formed a belief that Best lacked authority to invite him into the motel. To be sure, the text messages demonstrated that they were planning to commit crimes together, which could have included burglary or robbery or both. Without more detail, however, on what crimes or what those texts may have revealed about defendant's knowledge, the mere fact of a plan to commit crimes is not sufficient evidence to prove what defendant knew or believed about Best's authority to invite him into the motel room. Thus, although there is sufficient evidence to conclude that the purpose of the entry into the room was to commit crimes, we have previously explained that the intent to commit a crime, on its own, does not render an entry unlawful. *See McLaughlin*, 317 Or App at 607 (explaining that "entering a building to commit a crime is not burglary if the person has permission to be there" (emphasis omitted)).

Additionally, although Best told defendant that she would meet him in the parking lot to give him a key to the room, the location of that meeting and the passing of the key does not give the factfinder sufficient evidence to infer defendant's belief about Best's authority at that point. A meeting in the parking lot does suggest that they wanted to meet away from the victim, but it does not provide any foundation on which to make a reasonable inference about defendant's knowledge of Best's authority or lack thereof. Importantly, the record does not demonstrate whether Best had her own key or took the victim's key, nor does the evidence illuminate whether defendant knew which key Best gave him. Further, although defendant knew that the victim was in the motel room, there is no evidence in the record that defendant knew who rented or paid for the room or whose name was on the guest register. Accordingly, we reject the state's arguments about the inferences that can be made about defendant's knowledge or beliefs because the inferences are too speculative given the record developed at trial.

In short, there is insufficient evidence in the record for a rational factfinder to have concluded that defendant knew or believed that Best lacked actual authority to invite him into the motel room. Therefore, the state failed to prove that defendant was not licensed or privileged to enter the motel room and, thus, failed to prove that defendant "enter[ed] or remain[ed] unlawfully" in a dwelling. Accordingly, we conclude that the trial court erred in denying defendant's MJOA on the burglary charge.

In Case No. 21CR13861, conviction on Count 1 reversed; remanded for sentencing; otherwise affirmed. In Case No. 21CR14101, affirmed.